[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was returned to court on March 10, 1998. The complaint alleges that the plaintiff, a pedestrian, was knocked to the ground by a vehicle exiting from a parking garage. The incident occurred on December 9, 1997 at approximately 2:00 p. m. on a clear, dry day. The defendant driver of the vehicle was preparing to exit from the garage onto South Frontage Road in New Haven into one-way traffic, approaching from the driver's right side. At that time and place the plaintiff pedestrian was on a sidewalk, attempting to walk from the sidewalk on the east side of the garage vehicle exit, across the driveway to the sidewalk on the west side of the exit.
The defendant vehicle stopped appropriately before entering the highway but the defendant operator failed to observe the pedestrian waiting on her left, focusing her attention on traffic approaching from her right. As the pedestrian attempted to pass in front of the defendant's vehicle, the defendant operator permitted her vehicle to move forward, striking the plaintiff pedestrian and knocking him to the ground. Plaintiff ascribes his injuries and losses to the negligence of the defendant operator. In his complaint the plaintiff alleges that as a result of the negligence of the defendant driver, the plaintiff suffered serious and painful injuries, some or all of which may be CT Page 1247 permanent in nature, and which have and may continue to cause him pain, suffering, mental anguish and loss of enjoyment of life's activities as follows: post-traumatic stress disorder; acute anxiety and distress contusions about the body; contusion of the right thumb; laceration of the left hand; shock to the entire nervous system.
The defendant denies any such negligence and pleaded a special defense asserting that if the plaintiff sustained any damage, all of the same or a portion thereof were proximately caused by the plaintiff's own negligence and carelessness. The plaintiff responded with a denial of this special defense.
The court held a hearing on this matter of January 26, 1999. Both the plaintiff and the defendant testified. The plaintiff also introduced extensive medical reports relating to his medical condition, pre- and post-accident, photographs of the accident site and a police report.
The defendant introduced photographs of the accident site and a copy of DSM-IV, The Diagnostic and Statistic Manual of Mental Disorders, Fourth Ed., American Psychiatric Association.
The credible evidence permits the court to find as follows:
The defendant was negligent in failing to keep a proper lookout for pedestrians walking on the sidewalk and across the driveway and also in failing to yield the right-of-way to the plaintiff while plaintiff was crossing the driveway, in violation of § 14-247a of the General Statutes.
The defendant has failed to sustain his burden of proof that the plaintiff was negligent in any of the ways specified in defendant's special defense.
The defendant's negligence was the proximate cause and a substantial factor in producing plaintiff's injuries and losses.
The impact between the vehicle and the plaintiff was minimal but sufficient to knock the 83 year-old plaintiff to the ground. The plaintiff did not lose consciousness or sustain any fractures or serious physical injuries. Plaintiff was able to get to his feet almost immediately and proceed to a physician's office where he was examined and treated for a contusion of the right thumb, thener eminence and released. Plaintiff did not return to Dr. CT Page 1248 Kelly, the treating orthopedic physician. On December 16, 1997 the plaintiff was attended by Dr. Melchinger, his primary care physician, who found he was suffering from several areas of soft tissue damage, superficial in nature, with no indication of more serious physical complications, but with related pain and anxiety.
The day following the accident plaintiff contacted Dr. Cohen, a psychiatrist. Dr. Cohen reported that the plaintiff, who is also a psychiatrist and a colleague of his, was anxious and frightened and had an impending sense of danger. After several days the plaintiff began to develop acute psychiatric symptoms including anxiety, fear, depression, poor concentration, irritability and flashbacks of the incident. Plaintiff left for a Florida vacation on December 20, 1997 and returned after two weeks. During the plaintiff's stay in Florida he called Dr. Cohen on a nightly basis to discuss his emotional situation and to obtain support and guidance from Dr. Cohen. On January 14, 1998, Dr. Cohen referred him to another psychiatrist for evaluation and treatment for his acute depressive and anxiety disorder. In his final report, Dr. Cohen noted that the flashbacks faded after four months and have not returned. On January 11, 1999, Dr. Cohen concluded that the plaintiff had an acute traumatic stress disorder caused by the accident and that the acute symptoms have faded in intensity during the last six to eight months.
Dr. Bealos, a psychiatrist but not a colleague of the plaintiff, attended him and reported finding significant symptoms of anxiety and depression. Dr. Bealos treated Dr. Evans on six occasions and discharged him on February 3, 1998. Dr. Bealos concluded that Dr. Evans fulfills criteria for acute post-traumatic stress disorder directly related to the accident of December 9, 1997. Dr. Bealos discharged Dr. Evans on February 3, 1998 and stated that the patient still bad symptoms of a moderate degree of severity, but was improving and felt able to return to his usual work and life activities.
The plaintiff's medical history prior to the December 9 accident was submitted to the court. (Exhibit A). Dr. Melchinger's medical records cover a period from June 5, 1997 through August 5 1998. During this period the plaintiff suffered from and was treated for a heart disorder, seizures, asthma, anxiety and depression. Despite these serious and disabling conditions the plaintiff continued to work his field of psychiatry and to reposition himself in the emerging field of CT Page 1249 psychiatric pharmacy. At various times his depression was exacerbated by vision problems involving cataracts and a retinal hemorrhage. In addition, the plaintiff, during this period of time, suffered a work disappointment which caused him to suffer a financial disadvantage. These conditions were not a substantial factor in producing the traumatic stress disorder experienced by plaintiff following the motor vehicle accident of December 9, 1997, although they provided a likely environment for the disorder.
The physical injuries sustained by the plaintiff were minor but the shock was sufficient to produce the post-traumatic stress disorder. This condition was temporary and not permanent. Plaintiff's economic damages amount to $3566.16. The parties have stipulated to a collateral source credit of $2500.00, reducing the net economic damages to $1116.16. The court finds that the fair, just and reasonable non-economic damages sustained by the plaintiff are $7000.00.
Accordingly, judgment may enter for the plaintiff in the amount of $8116.16, together with costs.
___________________ Dorsey, Jr. Judge Trial Referee